# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., <u>et al.</u>, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-1567C (Filed: November 12, 2020) |
| v. | ) ) | |
| JOCELYN BENSON, et al., | ) ) | |
| Defendants. | ) ) ) ) | |

**ORDER**

    On November 10, 2020, the Plaintiffs, Donald Trump for President, Inc, <u>et al.</u>, filed the present action with the United States Court of Claims. Complaint, ECF No. 1. The complaint names as defendants Jocelyn Benson (in her official capacity as Michigan Secretary of State), as well as several state and county entities. It purports to ground jurisdiction on 28 U.S.C. §§ 1331 and 1343. <u>Id.</u> The plaintiffs allege the commission of violations of the United States Constitution, the Michigan Constitution, and Michigan law, in Wayne County, Michigan during the recent Presidential election. They seek a variety of injunctive relief.

    The complaint is captioned as though it were filed in the United States District Court for the Western District of Michigan. Instead, however, it was filed with this Court, presumably by accident.

    Jurisdiction is a threshold matter, <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94–95 (1998), and the Court may raise the issue on its own at any time without a motion from a party, <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (Fed. Cir. 2004); <u>see also</u> Rule 12(h)(3) of the Rules of the Court of Federal Claims (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action).

    The Tucker Act grants the United States Court of Federal Claims jurisdiction over monetary actions "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not confer jurisdiction over claims against any entity other than

the United States. <u>United States v. Sherwood</u>, 312 U.S. 584, 588 (1941). Further, the Court lacks jurisdiction over claims for injunctive relief unless such relief is "incident of and collateral to" a monetary judgment, 28 U.S.C. § 1491(a)(2), which means it is "tied and subordinate to a money judgment," <u>James v. Caldera</u>, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting <u>Austin v. United States</u>, 206 Ct. Cl. 719, 723 (1975)).

The present complaint involves claims against state and local government entities, not the United States. It also requests injunctive relief not collateral to a money judgment. The Court lacks jurisdiction over the complaint. A transfer of the complaint is warranted in the interests of justice. Therefore, the Court directs that the Clerk **TRANSFER** the case to the United States District Court for the Western District of Michigan in accordance with 28 U.S.C. § 1631.

**IT IS SO ORDERED**.

        s/ Elaine D. Kaplan
        ELAINE D. KAPLAN
        Judge