# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., <u>et al.</u>, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 20-1567C (Filed: December 9, 2020) |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

On November 30, 2020, the Clerk of Court received a letter dated November 17, 2020 from counsel for Plaintiffs in which he requested a refund of the filing fee that Plaintiffs paid in this case. The Clerk is of the view that she lacks the authority to authorize the refund under the court's Electronic Filing Fee Refund Policy (Nov. 6, 2015), which is available on the court's website at https://www.uscfc.uscourts.gov/electronic-filing. She has therefore referred the matter to the Court for its consideration.

In light of the referral, the Clerk is directed to docket Plaintiffs' letter as a motion for refund, filed under seal. For the reasons that follow, Plaintiffs' motion for refund is **DENIED**.

**DISCUSSION**

On November 10, 2020, the Plaintiffs, Donald Trump for President, Inc, et al., filed a complaint with the United States Court of Federal Claims which named as defendants Jocelyn Benson (in her official capacity as Michigan Secretary of State), as well as several state and county entities. Complaint, ECF No. 1. Although the complaint was filed with this court, it was captioned as though it were filed in the United States District Court for the Western District of Michigan. <u>Id.</u> In the complaint, Plaintiffs alleged the commission of violations of the United States Constitution, the Michigan Constitution, and Michigan law, in Wayne County, Michigan during the recent Presidential election. The complaint alleged that this Court had jurisdiction over their claims under 28 U.S.C. §§ 1331 and 1343.

Given that this Court clearly lacked jurisdiction over the claims in the complaint, and Plaintiffs' apparent error in filing the complaint here rather than in the United States District Court for Western District of Michigan, on November 12, 2020, the Court ordered the Clerk to

transfer the case to the district court in accordance with 28 U.S.C. § 1631. ECF No. 4. Only moments after the Court issued the transfer order, Plaintiffs filed a motion to "withdraw" their complaint. ECF No. 5. In their motion, Plaintiffs advised the Court that they had filed the same complaint in the Western District of Michigan (No. 20-01083), and that "an electronic error in the PACER electronic filing system" had caused the complaint to "also" be filed with this court. Id.

Because Plaintiffs had already filed the same complaint in the transferee court, the Court vacated its transfer order. ECF No. 6. In addition, because this court's rules do not provide for the "withdrawal" of complaints, the Court instead treated the motion as one for voluntary dismissal, and ordered the case dismissed in accordance with Rule 41(a) of the Rules of the Court of Federal Claims ("RCFC"). Id.

The next week, on November 17, 2020, Plaintiffs sent a letter to the Clerk requesting a refund of the $400 filing fee that they paid when they filed their complaint in this court. In the letter, Plaintiffs advise the Clerk that they filed a complaint in the Western District of Michigan captioned Donald J. Trump for President, Inc. v. Jocelyn Benson, No. 20-01083. They again represent, as they did in their motion to withdraw, that "[a]s a result of an electronic error in the PACER electronic filing system this matter was also filed in the U.S. Court of Federal Claims." As in that motion, Plaintiffs also state without further explanation that "this filing error in the electronic filing system is not uncommon."

The Clerk, as noted, has determined that she lacks the authority to refund the filing fee Plaintiffs paid. The Court agrees.

Pursuant to 28 U.S.C. § 1926(a), court fees charged by the Court of Federal Claims are prescribed by the Judicial Conference of the United States. RCFC 77.1(c)(1). It "has generally prohibited the refund of filing fees." Electronic Filing Fee Refund Policy ("CFC Refund Policy") at 1 (citing JCUS-MAR 49). In March 2005, however, the Judicial Conference issued guidance that endorsed "limited refund authority by the courts." Guide to Judiciary Policy, Vol. 4, § 650.20. It did so in recognition of "the increased likelihood of inadvertent, erroneous, or duplicate payments made by parties using the Case Management/Electronic Case Files (CM/ECF) system." CFC Refund Policy. The Conference advised that the determination of "appropriate policies and procedures for refunding erroneously applied filing fee payments" would be "left to the sound discretion of each court." Id.

The Court of Federal Claims issued its current policy governing the refund of filing fees on November 6, 2015. That policy authorizes the Clerk (or her designee) "to refund all fees erroneously paid through the Pay.gov electronic filing fee tool in CM/ECF when" 1) it is "discovered by the court or clerk's office that a fee has been paid erroneously;" or 2) "an attorney files a request for refund and it can be determined by the clerk or her designee that the fee has been erroneously paid." Id. To secure a refund under the policy, counsel for the plaintiff must submit a written application in the form of a letter along with supporting documentation. Counsel may either file the letter and supporting documentation under seal in CM/ECF or instead submit it by mail to the Clerk. The court's refund policy further provides that, "[u]pon verification of the erroneous payment, the clerk's office will process the refund to the same

credit card used to make the erroneous payment and will make a record of the refund on the docket." Id. at 2.

The Clerk has reasonably concluded that the representations made in counsel's letter do not establish that there was an "erroneous payment" that the Clerk is authorized to refund to the Plaintiffs under the CFC Refund Policy. The Clerk interprets its refund authority narrowly, to extend only to circumstances in which the allegedly erroneous payment was caused by an error that arises out of the operation of the electronic payment system. The most common example of such an error occurs when an attorney filing a complaint through the CM/ECF system clicks the "back" button on her browser during the transaction (or otherwise inadvertently causes her payment method to be charged multiple times for a single transaction). Plaintiffs do not allege a similar error led to the payment for which they now seek a refund.

To the contrary, Plaintiffs appear to allege that some electronic glitch caused their complaint to "also" be filed in this Court. But this Court's docket and that of the district court in the Western District of Michigan reveal that Plaintiffs filed their complaint in this court the day before they filed their complaint in the district court. To file their complaint here, Plaintiffs' counsel (or a member of his staff) had to first make a deliberate decision to access this court's CM/ECF system. Then he had to plug in information reflecting that he was registered to file electronically with this court. He further had to authorize a credit card payment to the Clerk of the Court of Federal Claims and confirm that he wished to make the payment. He then received an email confirmation that the payment had been made to the Court of Federal Claims. And all of this occurred the day before the Plaintiffs filed their complaint with the Western District of Michigan. The payment to this Court is therefore not related in any way to their use of the Western District's electronic filing system.

For whatever reason (and no good one is apparent to the Court), Plaintiffs have chosen not to be candid about what led them to file their complaint initially in this Court. But so far as the Court can tell, there was no "electronic error" involved. Rather, it was human error. Plaintiffs' counsel or a member of his staff mistakenly filed the complaint with this court rather than with the Western District of Michigan. Errors of this sort are not the kind that the Clerk can remedy under the CFC Refund Policy.

Ironically, this Court has the authority to direct that the filing fee be refunded in circumstances when an inadvertent error of this sort is made. See Rodgers v. Pennsylvania State Police, No. 20-1574 (November 13, 2020) (directing refund of filing fee when plaintiff inadvertently filed with the Court of Federal Claims a civil rights complaint whose caption indicated that it was intended for the United States District Court for the Middle District of Pennsylvania). But Plaintiffs have not requested a refund on the basis of human error. Instead, they have sought to shift blame to some unspecified but allegedly "not uncommon error" in the electronic filing system. The Court is not inclined to direct a refund of the filing fee where, as here, Plaintiffs' counsel is either incapable of clearly articulating why the Court should do so, or worse, deliberately being less than straightforward with the Court.

## CONCLUSION

Based on the foregoing, the Clerk is directed to enter Plaintiffs' November 17, 2020 letter and supporting documentation on the docket as a motion for refund, filed under seal. Plaintiffs' motion for refund is **DENIED**.

**IT IS SO ORDERED**.

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge
